

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 6 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | | |
|---|---|---|
| MAISA PROPERTY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| Counter-Defendant, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-412-A |
| | § | |
| CATHY BANK, | § | |
| | § | |
| Defendant, | § | |
| Counter-Plaintiff, | § | |
| Third-Party | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| NABIL KHATIB, | § | |
| Third-Party | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

This action was initiated on May 18, 2011, in the 67th Judicial District Court of Tarrant County, Texas, as Case No. 067-252964-11, by the filing by plaintiff, Maisa Property, Inc.

("Maisa"), of its Original Petition ("petition").  Defendant, Cathay Bank ("Cathay"), removed the action to this court by notice of removal filed June 17, 2011.  Cathay alleged that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiff and defendant and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).  On June 24, 2011, Cathay filed a motion to dismiss Maisa's petition for failure to state a claim pursuant to Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On that same day, Cathay also filed counterclaims against Maisa, along with a third-party complaint against Nabil Khatib.[1]

In the prayer of its petition, Maisa does not state a specific amount of damages.  The nearest that Maisa comes to alleging any dollar amount that might be viewed as damages is the allegation that: "Plaintiff ended up paying Defendant at total of $35,000 in fees over the 3 month period to keep the Property from being foreclosed."  Pl.'s Pet. at 2.  Even that allegation, however, does not make clear that Maisa considered the $35,000.00 paid in fees to constitute recoverable damages.

---

[1] Because the existence of federal subject matter jurisdiction is determined at the time of removal from state court, see In re Bissonet Invs. LLC, 320 F.3d 520, 525 (5th Cir. 2004), the court does take into consideration the counterclaims and third-party claims filed after the time of removal.

As another ground for satisfying the minimum amount in controversy, Cathay contends in its notice of removal that Maisa seeks equitable relief that would void Cathay's deeds to two foreclosed properties ("Lot 1" and "Lot 3"), each of which have an appraisal value of over $1 million, along with exemplary damages and reasonable attorney's fees.  Cathay then cites to legal authority standing for the proposition that the "purported equity" Maisa has in the property is the proper measure of the amount in controversy in an action such as this one.  As support for its position, Cathay alleges there is sufficient information in the pleadings to determine that Maisa "has suffered damages of at least $24,284.83 of lost equity" in Lot 1.[2]  Def.'s Notice of Removal at 3.  Cathay alleges that after the $24,284.83 in "lost equity" is added to the $35,000 in wrongfully paid "fees," the total result is that "[p]laintiff specifically asserts damages of $59.284.83."  Id. at 3-4.

---

[2] Cathay makes the following statements in support of its position that the amount in controversy exceeds the required amount:

> Plaintiff alleges that the principal balance of the loan it took from Cathay secured by Lot 1 is $975.715.17.  (Ex. C2, ¶ 3.)  Plaintiff further alleges that Cathay purchased Lot 1 at foreclosure for $1,000,000.  (Ex. C2, ¶ 7.)  Thus, Plaintiff alleges that as a result of the foreclosure sale, it has suffered damages of at least $24,284.83 of lost equity in Lot 1.  And, on the face of the Petition, Plaintiff alleges "significantly" more in damages than approximately $24,000 because it contends Cathay's $1 million bid at foreclosure was less than the actual value of Lot 1.  (Ex. C2, ¶ 7.)

Def.'s Notice of Removal at 3-4.

Next, Cathay contends that Maisa's other claims "must be included in the assessment of the amount in controversy," because "[i]t is likely that Plaintiff's assertions as to those alleged damages put at least an additional $15,715.18 into controversy." Id. at 4. These assertions include general statements that the property value of Lot 3 was "substantial," or in another instance, the property value of Lot 1 was "significant[ly]" higher than $1 million.[3]  Id. at 4.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action exceeds the required amount.

## II.

## Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

---

[3] Cathay states that Maisa's "assertions for additional damages and other amounts include, without limitation":

- The "significant" value of Lot 1 in excess of $100,0000 (Ex. C2, ¶ 7.);
- The value of Lot 3 to Plaintiff, which Plaintiff asserts is "significant" and "substantial" (Ex. C2, ¶ 6 and at 4-5);
- Damages resulting from the loss of Lot 1 and Lot 3, including "all fees that would have been earned by the Property" (Ex. C2, ¶ 4 of Pl.'s Claim for Breach of Contract);
- Damages resulting from Cathay's alleged fraud and negligent misrepresentations, including without limitation damages resulting from the servicing of the loans (Ex. C2 at 3-4) . . . .

Def.'s Notice of Removal at 4.

4

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to
federal court any state court action over which the federal
district courts would have original jurisdiction.  "The removing
party bears the burden of showing that federal subject matter
jurisdiction exists and that removal was proper."  Manguno v.
Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.
2001).  "Moreover, because the effect of removal is to deprive
the state court of an action properly before it, removal raises
significant federalism concerns, which mandate strict
construction of the removal statute."  Carpenter v. Wichita Falls
Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation
omitted).  Any doubts about whether removal jurisdiction is
proper must therefore be resolved against the exercise of federal
jurisdiction.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th
Cir. 2000).

To determine the amount in controversy for the purpose of
establishing diversity jurisdiction, the court ordinarily looks
to the plaintiff's state court petition.  Manguno, 276 F.3d at
723.  If it is not facially apparent from the petition that the
amount in controversy is greater than $75,000.00, the removing
party must set forth summary judgment-type evidence, either in
the notice of removal or in an affidavit, showing by a
preponderance of the evidence that the amount in controversy

exceeds that amount.  Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff.  Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam).  In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

III.

The True Nature of Plaintiff's Claims

Maisa's petition does not specify a dollar amount of recovery sought that is at least $75,000.00, nor does it define with specificity the value of the right sought to be protected or the extent of the injury sought to be prevented.  As a result, the court has evaluated the true nature of Maisa's claims to determine the amount actually in controversy between the parties.

The true nature of this action is to prevent Cathay from taking possession of the property pursuant to its foreclosure proceedings.  As the petition alleges, Maisa pursues that goal by seeking (a) an order issuing Maisa quiet title to the property; and (b) a money judgment to compensate it for damages it has suffered, because Cathay interfered with its possession

6

and ownership of the property, and because Cathay lacked the proper authority to foreclose on the property or to threaten it with a foreclosure sale.  The court has not been provided with any information from which it can determine that the value to Maisa of such relief is greater than $75,000.00.

Cathay contends that $24,284.84 of the amount in controversy is equal to the value of Maisa's equity in the property because Maisa asserts equitable relief, in the form of a claim for trespass to real property and a claim to void Cathay's deeds to the properties.  Cathay relies on the oft-cited argument that "when equitable relief is sought, the amount in controversy is the value of the right to be protected--here, Plaintiff's purported equity in Lot 1 and Lot 3."  Def.'s Notice of Removal at 4 (citing Leininger, 705 F.2d at 729).  In the section of its notice of removal quoted in section I of this memorandum opinion, Cathay suggests that Maisa's interest in Lot 1 is $24,284.83, which is the difference between the modified outstanding principal, $975,715.17, and the selling price of Lot 1 at the foreclosure sale, $1,000,000.

However, the court does not find Cathay's explanation of how they arrived at such a number altogether coherent, especially given that Maisa has not pleaded how much equity it has in the property.  While Cathay states that Maisa has pleaded "it has

7

suffered damages of at least $24,284.83 of lost equity in Lot 1,"
Def.'s Notice of Removal at 3, Cathay does not cite to, nor can
the court discern, any such statement of support in the
pleadings.  That is, Cathay's attribution of that $24,284.83
figure in lost equity is a figure of its own doing--not Maisa's.

Moreover, the court does not believe that a specific dollar
amount of Maisa's equity in the property can be discerned based
on such vague, unquantifiable allegations as: "$1,000,000.00[,
the foreclosure sale price,] is a significant reduction of the
property value" and "the Property is Plaintiff's asset of
substantial value." Pl.'s Pet. at 3-4.  None of these allegations
establish with any specificity the value of Maisa's interest in
the property, much less inject an additional $15,715.18 into the
amount in controversy.  To the extent that these statements
suggest that the property value is the proper measure of the
amount in controversy in this action, the court also rejects that
argument.[4]

Furthermore, although Maisa appears to request equitable
relief based on a claim that it is entitled to hold legal title

---

[4] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009).  The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961).  This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action.  See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

in the property, it does not assert that such relief is based on a claim that it has outright ownership of the property, free of any indebtedness.   Instead, Maisa makes statements to suggest that its ownership of the property _is_ encumbered by a debt, or more precisely, a security lien.[5]  The value to Maisa of its rights in the litigation is, at most, the value of Maisa's interest in the property, not the value of the property itself. Thus, the court concludes Cathay has not established the value of Maisa's interest in the property.

Cathay's final argument is that a request for attorney's fees and exemplary damages, in itself and under certain circumstances, may support a finding that it is facially apparent that the amount in controversy is met.[6]  Def.'s Notice of Removal at 5 (citing to Manguno, 276 F.3d at 723 and Acosta v. Drury Inns, Inc., 400 F. Supp. 2d 916, 916 (W.D. Tex. 2005)).

Those circumstances are not present here.   First, the petition does not establish, nor has Cathay shown through "summary judgment type evidence," that Maisa is alleging recovery under any state statute or contract specifically entitling Maisa

_____

[5] Plaintiff makes several statements in its pleadings to indicate that its ownership of the property is subject to a security lien placed by the Deed of Trust, such as: "The Deed of Trust places a security lien on the real property" and "[d]efendant was not delinquent on its payments under the Notes." Pl.'s Pet. at 2.

[6] Cathay contends that "because Plaintiff has specifically alleged $59,284.83 in damages, any award of exemplary damages could exceed $118,000." Def.'s Notice of Removal at 5.

to attorney's fees.  See Foret v. S. Farm Bureau Life Ins. Co.,
918 F.2d 534, 537 (5th Cir. 1990) (noting that "attorney's fees
are a part of the matter in controversy when they are provided
for by contract or by state statute") (internal citations and
quotations omitted); see also Manguno, 276 F.3d at 723.  Second,
Cathay has not shown that the total claim for punitive damages is
more likely than not to meet the $75,000.00 minimum.  But see
Allen, 63 F.3d at 1336 (finding that a total claim for punitive
damages "is more likely than not to" meet the amount in
controversy, where it "involves three companies, 512 plaintiffs,
and a wide variety of harm allegedly caused by wanton and
reckless conduct").  Unlike Allen, this case involves only one
plaintiff and one defendant; the only amount of compensatory
damages discernable from the face of the petition is $35,000; and
there are no specific allegations on the value of Maisa's equity
in the property.

     Thus, Cathay has not proven by a preponderance of the
evidence that the amount actually in controversy in this action
exceeds the sum or value of $75,000.00, excluding interest and
costs.  Consequently, the court is remanding the case to the
state court from which it was removed, because of the failure of
Cathay to persuade the court that subject matter jurisdiction
exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED October 6, 2011.

JOHN McBRYDE
United States District Judge